IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KYLE BUCKLES,

                    Petitioner,

  v.

REED RICHARDSON,

                    Respondent.

ORDER

17-cv-411-jdp

---

Petitioner Kyle Buckles brought this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a conviction for stealing a car. He raised three grounds in his petition: (1) his plea was not knowing and voluntary because the state could not legally fulfill the promises it made him; (2) his counsel was ineffective because he "negotiated an ambiguous plea agreement"; and (3) his counsel was ineffective because he did not object to the state's "material and substantial breach of the plea agreement during sentencing." Dkt. 1, at 7-8.

I directed the state to show cause why the petition should not be granted, but after the state filed its response, Buckles filed a motion to stay the case while he pursues a claim for ineffective assistance of post-conviction counsel in state court. Dkt. 9. Under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), a court may stay a petition to allow a prisoner to exhaust state court remedies if: (1) the petitioner has good cause for his failure to exhaust his new claim before now; and (2) the claim is not plainly meritless. I will deny the motion because Buckles has not satisfied either requirement.

In his opening brief, Buckles does not identify any reason for failing to wait until now to seek relief in state court on his new claim. In his reply brief, he blames "his lay man understanding of the law." Dkt. 17, at 3. But ignorance of the law does not qualify as good

cause because a prisoner could make that claim in almost any case. *Lee v. Paquin*, No. 08-CV-697, 2009 WL 3047603, at *4 (W.D. Wis. Sept. 18, 2009). *Accord Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007); *Furt Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2006).

Buckles' new claim is also plainly meritless. Buckles' opening brief does not discuss the merits of his claim, or even identify what the claim is, except that it relates to the state trial court's "competency." In his reply brief, he says that his post-conviction counsel was ineffective because counsel failed to argue that the circuit court lost competency to proceed after it accepted an illegal plea agreement. Dkt. 17, at 4. Buckles cites no authority to support that view and I am an unaware of any. In any event, a Wisconsin court's competency is a matter of *state* law, *see, e.g.*, *Vill. of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 13, 273 Wis. 2d 76, 88–89, 681 N.W.2d 190, 196, and state law violations cannot be raised in a § 2254 petition, *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996).

ORDER

IT IS ORDERED that petitioner Kyle Buckles' motion to stay, Dkt. 9, is DENIED. Buckles may have until May 7, 2018, to file his opening brief in support of his petition; the state may have until June 7, 2018, to file its opposition brief; and Buckles may have until June 27, 2018, to file a reply.

Entered April 6, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge